# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| GPMI, CO., an Arizona corporation, | Case No. 2:22-bk-00150-EPB |
| EIN 86-0635770 | |
| Debtor. | |

**ADDENDUM TO INTERIM DIP FINANCING AND CASH COLLATERAL ORDER; ORDER SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001; AND NOTICE OF DEADLINE TO FILE ANY OBJECTIONS THERETO.**

This matter comes before the Court pursuant to the *Debtor's Emergency Motion For Entry Of Interim And Final Orders (I) Authorizing Debtor To (A) Obtain Postpetition Factoring And Financing And (B) Utilize Cash Collateral, (II) Granting Liens And Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief* (the "**Motion**") filed by Debtor as debtor-in-possession on behalf of its bankruptcy estate (the "**Estate**").

A Preliminary Hearing on the Motion (the "**Preliminary Hearing**") was held before this Court on January 11, 2022 at 2:00 pm, after which the Court entered its *Interim Order (I) Authorizing Debtor To (A) Obtain Postpetition Factoring And Financing And (B) Utilize Cash Collateral, (II) Granting Liens And Superpriority Administrative Expense Claims, (III)*

*Granting Adequate Protection, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief* ("**Interim Order**").[1]

A second hearing on the Motion was held before this Court on January 21, 2022 at 1:30 pm (the "**Second Hearing**"). Upon the record made at the Second Hearing, including the *Declaration of Tom Werning In Support of Debtor's Financing and Cash Collateral Motion and Submitting Proposed Final Dip Facility Agreement* submitted in support of the Motion, and this Court having found good and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

A. All of the Findings and Conclusions in paragraphs A-K of the Interim Order are and remain true, and are hereby incorporated into this Addendum to the Interim Order by reference.

B. **Debtor has requested immediate entry of this Addendum to the Interim Order pursuant to Bankruptcy Rule 4001(c)(2)**. The permission granted herein to enter into the DIP Facility and obtain funds thereunder is necessary to avoid immediate and irreparable harm to the Estate. This Court concludes that entry of this Addendum to the Interim Order is in the best interests of the Estate and its creditors because its implementation, among other things, will allow for the availability to Debtor of working capital which is necessary to sustain the operations of Debtor's existing business. The foregoing findings by the Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings and a conclusion of law if and to the full extent that it makes legal conclusions.

Based upon the foregoing findings and conclusions, and upon the record made before this Court at the Preliminary Hearing and the Second Hearing, and the entire record in this matter, and good and sufficient cause appearing therefor;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Interim Order.

**IT IS HEREBY ORDERED** that:

1. Except as modified by this Addendum to the Interim Order, the Interim Order remains in full force and effect, except as expressly modified or supplement by this Addendum.

2. The Final Hearing to consider the Motion will be held before the Court on February 15, 2022 at 2:00 p.m. (the "**Final Hearing**").

3. The Court's authorization to Debtor to use cash collateral under the Interim Order is hereby extended through the Final Hearing on February 15, 2022 at 2:00 p.m., for the uses and in the amounts set forth in the budget for such period attached to the Interim Order as Exhibit "2".

4. In addition to the $330,255.64 in funding already authorized under paragraph 10 of the Interim Order, Debtor is further authorized to obtain additional funding from DIP Lender, on the terms and subject to the conditions set forth in the DIP Loan Documents as modified by this Addendum to the Interim Order, in an amount up to $902,890.64 pursuant to this Addendum.

5. Except as otherwise provided herein, all objections to the entry of this Addendum to the Interim Order have either been resolved as stated on the record at the Second Hearing, or shall be, and hereby are, overruled.

6. Notwithstanding anything herein to the contrary, the Objection of NFS Leasing, Inc., ("NFS") to the Motion (the "NFS Objection") (Doc. No. 47) is resolved consensually by the addition of this paragraph to the Interim Order:

    a. No interest of any kind in favor of the DIP Lender shall be created in the Leased Equipment (as defined in the NFS Objection) that is property of NFS, and not property of the Debtor or the Estate. Further, should a determination later be made that the Leased Equipment is property of the Debtor or the Estate, then NFS shall be entitled to proceed in the position of all other Prepetition Lien Creditors and Equipment Lenders as to the Equipment Collateral, such that the DIP Lender's lien in the Equipment Collateral shall

be junior to that of the Equipment Lenders. This provision is applicable as to any disbursement provided by the DIP Lender to Debtor pursuant to any Interim or Final Order on the Motion.

7. Notwithstanding anything herein to the contrary, the Objection of Eastern Shipping Worldwide, Inc., ("ESW") to the Motion (the "ESW Objection") (Doc. No. 48) is resolved consensually by the addition of this paragraph to the Interim Order:

   a. The DIP Lender shall not be provided a first, priority priming lien over ESW's liens in the Shipping Collateral, (as defined in the ESW Objection). DIP Lender's Liens on the Shipping Collateral shall be junior to that of ESW's liens in the Shipping Collateral. To the extent it is later determined that ESW does not have a valid lien in part of, or all the Shipping Collateral, then the DIP Lender shall be entitled to a first priority priming lien in any such portion of the Shipping Collateral in which ESW does not hold a valid lien. This provision is applicable as to any disbursement provided by the DIP Lender pursuant to any Interim or Final Order on the Motion.

8. Any party in interest objecting to the Court's entry of a Final Order as requested by Debtor shall file a written objection with the United States Bankruptcy Court Clerk by 5:00 p.m. MST on February 11, 2022, which objection shall be served so that it is received by the Court, the UST, counsel to Debtor, and counsel to DIP Lender on or before such date and time.

**DATED AND SIGNED ABOVE**