Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

Jason D. Curry, Esq. (#026511)
jason.curry@quarles.com
Amelia B. Valenzuela, Esq. (#030568)
amelia.valenzuela@quarles.com
Randy J. Pflum, Esq. (admitted *pro hac vice*)
randy.pflum@quarles.com

*Attorneys for Eastern Shipping Worldwide, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>GPMI, CO.,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:22-bk-00150-EPB<br><br>**EASTERN SHIPPING WORLDWIDE, INC.'S: (I) STATEMENT OF POSITION; AND (II) RESERVATION OF RIGHTS.** |

This Statement of Position and Reservation of Rights ("**Statement**") is submitted by EASTERN SHIPPING WORLDWIDE, INC. ("**ESW**"), a creditor and party-in-interest in the above-captioned Chapter 11 case (the "**Bankruptcy Case**") of GPMI CO. (the "**Debtor**"). ESW files this Statement in regard to the *Debtor's Emergency Motion to Approve Additional Postpetition Financing and for Related Relief* [Dkt. No. 193] (the "**Motion**").

Less than two months after the Court approved the Debtor's request for a $2 million DIP loan with Serene Investment Management, LLC (the "**Serene DIP Loan**"), the Debtor has filed its Motion seeking approval of funding in the amount of $500,000 from YDB Capital, LLC ("**YDB**"). In the Motion, the Debtor asserts it is in "immediate need" of a new DIP loan to: (1) fund payroll; (2) pay rent; (3) pay the principal and

interest on the Serene DIP Loan, and fund an estate professional fee reserve in the amount of $100,000 (the "**Additional DIP Loan**"). [Dkt. No. 193 at ¶ 1.] The Debtor proposes granting YDB a second-position lien on all of the Debtor's assets, with the exception of its equipment and causes of action, subordinated to the Serene DIP Loan and Carve Out Account (as defined in the Motion), and certain other excluded property and assets as set forth herein.

Subject to the statements below, ESW does not object to the Additional DIP Loan at this time, but it is very concerned about the administrative solvency of this Debtor and whether this Additional DIP Loan and the prepayment of professional fees will ultimately benefit creditors. In support of this Statement, ESW states as follows:

1. On January 10, 2022, (the "**Petition Date**"), the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Bankruptcy Case. Prior to the Petition Date, the Debtor signed a Credit Application and Agreement with ESW ("**Credit Agreement**") pursuant to which ESW the Debtor granted ESW a continuing lien on any and all property relating to the Debtor that comes into ESW's actual or constructive possession, custody or control. Between April and May 2021, the Debtor requested ESW to arrange the ocean transportation of certain containerized goods evidenced by "house" bills of lading nos. 21-OFI0175212, 21-OFI0175213, 21-OFI0175335, 21-OFI0175336, 21-OFI0175652, 21-OFI0176040, and 21-OFI0176063 from ports in China or Taiwan to the ports of Los Angeles or Long Beach (collectively the "**7 Shipments**").

2. On April 14, 2022, ESW and the Debtor filed their *Joint Motion to Approve: Stipulation by and Between Debtor GPMI Co. and Eastern Shipping Worldwide, Inc. for Modification of the Automatic Stay and Related Relief* (Dkt. No. 163) ("**Joint Motion**"). In the Joint Motion, ESW asserts that it exercised a maritime lien on the 7 Shipments (as defined in the Joint Motion) and the parties stipulated to grant ESW relief

from the automatic stay to, among other things, foreclose on the 7 Shipments. On May 8, 2022, the Court entered its Order approving the Joint Motion.

3. On April 19, 2022, ESW filed its Proof of Claim, in which ESW asserted a maritime lien against the Debtor in the amount of at least $1,756,958.26, plus all accrued and accruing interest, costs, fees, and other charges allowable under the applicable agreements and law. Further, ESW expressly reserved its rights to file additional claims, including an administrative expense claim for, among other things, all storage charges ESW has incurred with respect to the 7 Shipments.

4. ESW has a large administrative claim against the Debtors' estate, which will be submitted for approval at the appropriate time.

5. In the Motion, the Debtor alleges that it is "working on the formulation of a reorganization plan premised on a 'new value' or sale strategy," and that the "Debtor anticipates that YDB will contribute its secured claim as part of a new value contribution under the Debtor's forthcoming plan." [Dkt. No. 193 at 3 and 6.]

6. The Debtor proposes to fund an estate professional fee reserve (the "**Professional Fee Reserve**").

7. The Debtor has also filed a separate motion to extend its exclusivity period beyond May 26, 2022.

8. As a large administrative claimant, ESW is concerned about non-professional administrative claims in the event that a plan is not confirmed.

9. In addition, ESW provides interested parties and this Court with notice of the following:

    a. Debtor's counsel has confirmed in writing that the Additional DIP Loan does not grant YDB a lien on the 7 Shipments, and ESW has relied on such confirmation;

b. to the extent that the YDB or the Debtor seek to encumber the 7 Shipments, ESW objects to the Additional DIP Loan;

c. ESW reserves all of its rights with respect to the 7 Shipments, the Additional DIP Loan, and any claims ESW may have against the Debtor, YDB, and other parties relating to Additional DIP Loan and otherwise;

d. ESW provides notice that it holds an administrative claim against the estate, and ESW reserves the right to request approval of its administrative claim at the appropriate time; and

e. To the extent that there are insufficient funds to pay all administrative claimants in full, ESW expressly reserves the right seek disgorgement of the fees and expenses paid to professionals and other administrative claims during this case, including, without limitation, any funds set aside as part of the Professional Fee Reserve.

DATED this 25th day of May 2022.

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue, Suite 600
Phoenix, AZ 85004-2391

By  /s/ Jason D. Curry
    Jason D. Curry
    Amelia B. Valenzuela
    Randy J. Pflum

*Attorneys for Eastern Shipping Worldwide, Inc.*

COPIES of the foregoing sent via
e-mail this 25th day of May, 2022, to:

| | |
|---|---|
| Steven N. Berger<br>ENGELMAN BERGER, P.C.<br>2800 N. Central Avenue, Suite 1200<br>Phoenix, AZ 85004<br>Email: snb@eblawyers.com<br>Attorneys for Debtor | Michael W. Carmel, Esq.<br>MICHAEL W. CARMEL, LTD.<br>80 E. Columbus Avenue<br>Phoenix, AZ 85012-2334<br>E-mail: Michael@mcarmellaw.com<br>Attorney for The Jack Gantz Irrevocable Trust No. 2 |
| Alan A. Meda<br>BURCH & CRACCHIOLO, PA<br>1850 N. Central Avenue, Suite 1700<br>Phoenix, AZ 85004<br>Email: ameda@bcattorneys.com<br>Attorneys for Factors Southwest, LLC | Andrew A. Harnisch<br>Grant L. Cartwright<br>Eric W. Moats<br>MAY, POTENZA, BARAN & GILLESPIE, P.C.<br>1850 N. Central Avenue, Suite 1600<br>Phoenix, AZ 85004-4633<br>Email: aharnisch@maypotenza.com<br>Email: gcartwright@maypotenza.com<br>Email: emoats@paymotenza.com<br>Attorneys for Factors Southwest, LLC |
| Michelle E. Shriro<br>SINGER & LEVICK, P.C.<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>Email: mshriro@singerlevick.com<br>Attorneys for ULF Gilbert Spectrum One LLC | Jonathan A. Dessaules<br>Jesse Vassallo López<br>DESSAULES LAW GROUP<br>5343 N. 16th Street, Suite 200<br>Phoenix, AZ 85016<br>Email: jdessaules@dessauleslaw.com<br>Email: jvassallo@dessauleslaw.com<br>Attorneys for Ameritemps AZ, LLC |
| Don C. Fletcher<br>FLETCHER BARNES LAW, PLC<br>10429 S. 51st Street, Suite 275<br>Phoenix, AZ 85044<br>Email: dfletcher@FletcherBarnesLaw.com<br>Attorneys for Bjerk Builders, Inc | Matthew A. Silverman<br>OFFICE OF THE ATTORNEY GENERAL<br>2005 N. Central Avenue<br>Phoenix, AZ 85004-1592<br>Email: Matthew.Silverman@azag.gov<br>Attorney for Arizona Department of Revenue |

| | |
|---|---|
| James L. Ugalde<br>CLARK HILL PLC<br>3200 N. Central Avenue, Suite 1600<br>Phoenix, AZ 85012<br>E-mail: jugalde@clarkhill.com<br>Attorneys for Rebel Converting LLC | Thomas J. Salerno<br>Alisa C. Lacey<br>Anthony P. Cali<br>Clarissa C. Brady<br>STINSON LLP<br>1850 N. Central Avenue, Suite 2100<br>Phoenix, AZ 85004-4584<br>Email: Thomas.Salerno@stinson.com<br>Email: Alisa.Lacey@stinson.com<br>Email: Anthony.Cali@stinson.com<br>Email: Clarissa.Brady@stinson.com<br>Counsel for Official Unsecured Creditors' Committee |
| Aaron L. Hammer<br>Nathan E. Delman<br>HORWOOD MARCUS & BERK CHARTERED<br>500 West Madison St., Suite 3700<br>Chicago, IL 60661<br>Email: ahammer@hmblaw.com<br>Email: ecfnotices@hmblaw.com<br>Attorneys for LEAF Capital Funding, LLC | Eric Ollason<br>LAW OFFICE OF ERIC OLLASON<br>182 N. Court Avenue<br>Tucson, AZ 85701<br>Email: eollason@182court.com<br>Attorney for Arizona Corrugated Container and Tucson Container Corporation |
| Todd A. Burgess<br>Janel M. Glynn<br>THE BURGESS LAW GROUP<br>3131 E. Camelback Road, Suite 224<br>Phoenix, AZ 85016<br>Email: todd@theburgesslawgroup.com<br>Email: janel@theburgesslawgroup.com<br>Attorneys for Serene Investment Management, LLC | Vadim J. Rubinstein<br>LOEB & LOEB LLP<br>345 Park Avenue<br>New York, NY 10154<br>Email: Vrubinstein@Loeb.com<br>Attorneys for Serene Investment Management, LLC |
| Larry L. Watson<br>OFFICE OF THE U.S. TRUSTEE<br>230 N. First Avenue, Suite 204<br>Phoenix, AZ 85003-1706<br>Email: larry.watson@usdoj.gov | |

*/s/ Sybil Taylor Aytch*