STEVEN N. BERGER, SBA #009613
PATRICK A. CLISHAM, SBA #023154
MICHAEL P. ROLLAND, SBA #030744
**ENGELMAN BERGER, P.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1200
PHOENIX, ARIZONA 85004

Ph: (602) 271-9090
Fax: (602) 222-4999
Email: snb@eblawyers.com
Email: pac@eblawyers.com
Email: mpr@eblawyers.com

Counsel for Debtor and
Debtor-in-Possession GPMI, Co.

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GPMI, CO., an Arizona corporation,<br><br>EIN 86-0635770<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 2:22-bk-00150-EPB<br><br>Adv. Case No. _____ |
| GPMI, CO., an Arizona corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EASTERN SHIPPING WORLDWIDE, INC., an Illinois corporation,<br><br>　　　　　Defendants. | **COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF CLAIM** |

GPMI Co. ("GPMI"), for its claims for relief against Defendant Eastern Shipping Worldwide, Inc. ("Eastern"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. On January 10, 2022, GPMI filed a voluntary petition for relief under chapter 11 of Title 11 of the U.S. Code. Since the petition date, GPMI has remained in possession of its assets and continues to operate its businesses as a debtor-in-possession in accordance with

1. 11 U.S.C. §§ 1107 and 1108. GPMI has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2. Eastern is an Illinois corporation and is in the business of transporting goods by sea in exchange for payment.

3. On February 4, 2022, the United States Trustee for this District appointed the Official Committee of Unsecured Creditors pursuant to 11 U.S.C. § 1102(a)(1).

4. GPMI filed its Chapter 11 Plan of Reorganization on October 14, 2022, and its Amended Chapter 11 Plan of Reorganization on October 24, 2022.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334 (a) and (b).

6. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B). GPMI consents to final judgment by the United States Bankruptcy Court as to the matters raised herein.

7. GPMI's reorganization case is properly venued in the Phoenix Division of the United States Bankruptcy Court for the District of Arizona. As such, venue is proper for this Adversary.

8. This Complaint arises under Chapter 5 of Title 11 of the United States Code, specifically 11 U.S.C. §§ 502 and 503.

9. Resolving these causes of action is a necessary step in the allowance or disallowance of Eastern's claims and formulating equitable distribution among all creditors.

10. In light of the foregoing, this adversary proceeding objects to Eastern's proof of claim and prays for a determination of the extent, validity, and priority of Eastern's claims, if any, against GPMI and its estate assets.

# BACKGROUND ALLEGATIONS COMMON TO ALL COUNTS

## A. PROOF OF CLAIM

11. Eastern filed a proof of claim, at Claim 48, in the amount of $1,756,958.26, plus all accrued and accruing interest, costs, fees, and other charges ("Prepetition Claim"), for the transportation of multiple shipments.

12. On or about October 7, 2020, GPMI signed a Credit Application and Agreement with Eastern.

13. Eastern asserts that, pursuant to the credit agreement, GPMI granted Eastern a continuing lien on any and all property relating to GPMI that comes into Eastern's actual or constructive possession, custody or control.

14. Eastern asserts that between November 2020 and April 2021 GPMI requested Eastern to arrange the ocean transportation of certain containerized goods from ports in China or Taiwan to the ports of Los Angeles or Long Beach (collectively, the "23 Shipments").

15. Eastern asserts that GPMI failed to pay Eastern for the 23 Shipments' freight, delivery, and other charges, in the amount of $487,405.69.

16. Eastern asserts that between April and May 2021 GPMI also requested Eastern to arrange the ocean transportation of certain containerized goods from ports in China or Taiwan to the ports of Los Angeles or Long Beach (collectively, the "7 Shipments").

17. Eastern asserts that GPMI failed to pay Eastern for the 7 Shipments' freight and other charges.

18. Eastern asserts that, due to GPMI's failure to pay the amounts due on the 23 Shipments and 7 Shipments, Eastern did not deliver them to GPMI and instead exercised a maritime lien on each of the 7 Shipments.

19. Eastern asserts that it then arranged for the drayage of the 7 Shipments to a third party warehouse for storage, where they continue to be stored.

20. On information and belief, Eastern's pre-petition claim includes hundreds of thousands of dollars in storage fees.

B. **ADMINISTRATIVE CLAIMS**

21. Eastern further asserts that it has incurred substantial post-petition storage fees that may constitute administrative claims in the Bankruptcy Case ("Administrative Claim").

22. Eastern asserts that as of August 2022 its post-petition storage charges exceed $80,000 and continue to accrue at a rate of approximately $13,447.50 per month.

23. Eastern and GPMI entered into a *Stipulation By And Between Debtor GPMI Co. And Eastern Shipping Wordlwide, Inc. For Modification Of The Automatic Stay And Related Relief* ("Stipulation") to, among other things, lift the automatic stay to allow Eastern to take all actions necessary to foreclose upon and liquidate the 7 Shipments to mitigate its alleged damages. Doc. 163. The Court approved the Stipulation on May 8, 2022. Doc. 189.

C. **EASTERN IS NOT ENTITLED TO ITS CLAIMS**

24. Eastern is not entitled to recover the full balance asserted for its Prepetition Claim, nor is it entitled to recover its Administrative Claim for storage.

25. Among other things, GPMI never paid the seller for the 7 Shipments, never took ownership or possession of the 7 Shipments, and in fact at all times disclaimed any interest in the 7 Shipments.

26. Accordingly, the 7 Shipments were never property of GPMI or its estate, and Eastern's maritime lien on the 7 Shipments, to the extent it has one, does not apply to GPMI. Any fees incurred to transport, store, and preserve the 7 Shipments have not benefited and are not the liability of GPMI or its estate.

27. Furthermore, on information and belief, Eastern did not take reasonable steps to mitigate its fees for storage of the 7 Shipments, and is unnecessarily allowing exorbitant storage fees to accrue.

28. Allowing such fees to accrue does not constitute "just and reasonable" practices and therefore is in violation of applicable law governing common carriers.

## COUNT 1
### Objection to Eastern's Claim No 48 and Request for Determination of the Extent, Validity of Claim

29. GPMI incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

30. Eastern alleges the Prepetition Claim against GPMI for $1,756,958.26.

31. The Prepetition Claim includes exorbitant and unreasonable fees for storage and other charges relating to the 7 Shipments.

32. The 7 Shipments are not and have never been property of GPMI or its estate, and therefore any costs incurred to store the 7 Shipments are not the obligation of GPMI's estate.

33. Further, even to the extent such charges would be an obligation of GPMI's estate, Eastern has not mitigated its damages and therefore any such damages incurred as a result of Eastern's failure to mitigate are not recoverable from GPMI.

34. Similarly, the charges are unreasonable in violation of applicable law, and therefore are not recoverable from GPMI.

**WHEREFORE**, GPMI requests that this Court enter judgment in its favor and against Eastern on Count 1 as follows: (i) disallowing Eastern's Prepetition Claim or (ii) alternatively, determining the extent, validity, and allowance or of Eastern's Prepetition Claim, and (ii) granting such other and further relief as the Court deems just and equitable.

## COUNT 2
### Request for Determination of the Extent and Validity of Eastern's Administrative Claim

35. GPMI incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

36. Eastern has alleged an Administrative Claim against GPMI in excess of $80,000.

37. The Administrative Claim includes exorbitant and unreasonable fees for storage and other charges relating to the 7 Shipments.

38. The 7 Shipments are not and have never been property of GPMI or its estate, and therefore any costs incurred to store the 7 Shipments are not the obligation of GPMI's estate.

39. Neither GPMI nor GPMI's estate received any benefit from Eastern's purported postpetition storage of the 7 Shipments.

40. Further, even to the extent such charges are determined to be an obligation of GPMI's estate, Eastern has not mitigated its damages and therefore any such damages incurred as a result of Eastern's failure to mitigate are not recoverable.

41. Similarly, the charges are unreasonable and in violation of federal law, and therefore are not recoverable against GPMI.

42. GPMI reserves the right to assert any and all other objections to Eastern's alleged Administrative Claim after Eastern provides any additional detail regarding the claim.

**WHEREFORE**, GPMI requests that this Court enter judgment in its favor and against Eastern on Count 2 as follows: (i) determining the extent, validity, and allowance or disallowance of the Eastern Administrative Claim, and (ii) granting such other and further relief as the Court deems just and equitable.

**RESPECTFULLY SUBMITTED** this 28th day of October, 2022.

> **ENGELMAN BERGER, P.C.**
>
> By */s/ Michael P. Rolland*
> Steven N. Berger
> Patrick A. Clisham
> Michael P. Rolland
> 2800 North Central Avenue, Suite 1200
> Phoenix, Arizona 85004
> Attorneys for GPMI, Co.

**COPY** of the foregoing transmitted via the Court's ECF system, and as indicated this 28th day of October, 2022, to the following:

**OFFICE OF THE U.S. TRUSTEE**
Attn: Larry L. Watson
**Via Email: Larry.Watson@usdoj.gov**

James L. Ugalde
CLARK HILL PLC
3200 N. Central Ave., Suite 1600
Phoenix, Arizona 85012
**Via Email: jugalde@clarkhill.com**
*Attorneys for Eastern Shipping Worldwide, Inc.*

By: */s/ Cynthia D. Nesselrode*