James L. Ugalde (No. 022733)
**CLARK HILL PLC**
3200 N. Central Avenue, Suite 1600
Phoenix, Arizona 85012
Telephone: (602) 440-4800
Facsimile: (602) 257-9582
E-mail: jugalde@clarkhill.com

*Attorneys for Eastern Shipping Worldwide, Inc.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GPMI, CO., an Arizona corporation,<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No.: 2:22-bk-00150-EPB<br><br>**OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION FILED BY EASTERN SHIPPING WORLDWIDE, INC.**<br><br>Hearing Date: November 18, 2022<br>Hearing Time: 1:30 p.m. |

Eastern Shipping Worldwide, Inc. ("ESW"), a secured creditor and party in interest in the above-captioned Chapter 11 case (the "Bankruptcy Case") of GPMI, Co. (the "Debtor"), hereby files this objection (this "Objection") to *Debtor's Second Amended Chapter 11 Plan of Reorganization* [Dkt. No. 340] (the "Plan"). ESW objects to the Plan because it inappropriately violates the Bankruptcy Code by unfairly discriminating with respect to the classes of claims asserted by ESW, including its administrative claim for storage of estate property and its separate secured claim. For these reasons and the others discussed below, the Debtor's Plan cannot be confirmed by the Court.

**I.  RELEVANT FACTS.**

1.  As acknowledged in Debtor's Plan, ESW asserts a secured claim, which is characterized by the Debtor as follows: "Class 2C *is comprised of the prepetition secured Claim* asserted by [ESW] in the amount of $1,756,958.26 at Claim No. 48." *See* Plan, ll. 10-11, p. 13.

2. The Plan provides that an adversary action will be filed in order to determine "the extent and validity of Claim No. 48[,]" which includes an administrative claim and a secured claim asserted by ESW. *Id*. at ll. 12-15, p. 13.

3. With respect to ESW's secured claim, the Plan provides as follows:

> ***To the extent the Bankruptcy Court determines that [ESW] is entitled an Allowed Claim***, on the later of the Effective Date of this Plan or the entry of a final order allowing [ESW] a Class 2C Claim, ***such claim shall be reclassified as a general unsecured claim and it shall thereafter share in all creditor distributions from the Litigation Trust on a pro rata basis with the holders of Allowed Class 8 Claims treated under this Plan***, up to the full amount of the Allowed Class 2C Claim. The treatment with Class 8 shall be in full satisfaction, settlement, release, extinguishment and discharge of [ESW]'s Class 2C Claim and Debtor's assets shall vest free and clear of any Lien securing [ESW]'s Class 2C Claim. Any Lien filings may be terminated by the filing of a UCC termination statement by the Reorganized Debtor or by its recordation of the Confirmation Order.

*See* Plan, ll. 11-20, p. 17.

4. As a result of the foregoing, the Debtor's treatment of ESW's administrative and secured claims in its Plan assumes that Bankruptcy Court will strip all liens and security interests of ESW before such adversary action has been adjudicated.

5. If, however, ESW prevails in the adversary proceeding and obtains a ruling confirming its administrative claim for storage fees and that its liens and security interests attach to the assets of the Debtor's estate property, according to the Plan, ESW may continue to be subject to treatment under the Plan as an unsecured creditor in Class 8.

6. Pursuant to that certain *Stipulation By and Between Debtor GPMI Co. and Eastern Shipping Worldwide, Inc. For Modification of the Automatic Stay and Related Relief* [Dkt. No. 163-1] (the "<u>Stipulation</u>"), the Debtor specifically acknowledged and agreed to as follows:

(a) That the "automatic stay of Bankruptcy Code § 362, will be immediately vacated, terminated, and annulled, enabling ESW to immediately proceed in the California Litigation ***and to take all actions necessary or desirable***

***to affirm its lien in and to foreclose upon the 7 Shipments*** [which 7 Shipments constitute property of the Debtor's estate]."

      (b)    That "[a]ny net proceeds ESW receives from the sale of the 7 Shipments will be applied to reduce [ESW's claims in the Bankruptcy Case]."

*See* Stipulation, Dkt. No. 163-1, p. 4.

7.    In addition to the foregoing, the Plan fails to address payment of ESW's asserted administrative claim. The language of the Plan suggests that even if ESW prevails in the Adversary Action (as defined below), its administrative claim may be subject to treatment in accordance with Class 8 for general unsecured creditors.

8.    In the *Complaint to Determine the Extent and Validity of Claim* (the "Adversary Complaint") filed against ESW as Case No. 2:22-ap-00245-EPB (the "Adversary Action"), the Debtor claims that it never had any interest in the 7 Shipments (as defined in the Stipulation) and was therefore never property of the Debtor's bankruptcy estate.

9.    This position in the Adversary Complaint, however, is contradicted by the express terms and conditions agreed to by the Debtor in the Stipulation, which include at least the following:

      (a)    Debtor ***never*** asserted that the 7 Shipments were not property of the estate in the Stipulation. Moreover, the Debtor did not abandon or disclaim any interest in the 7 Shipments as part of the Stipulation.

      (b)    Rather, the Debtor states that it has "determined that it is not in the best interests of the estate to litigate over and attempt to integrate the 7 Shipments into its operations[,]" which demonstrates that the Debtor thought of the 7 Shipments as part of its assets and considered using such property in its operations.

      (c)    Further, the Debtor agreed to stay relief under Bankruptcy Code § 362, which would only be needed for property of the Debtor's bankruptcy estate.

(d) Before the Debtor ultimately stipulated to stay relief pursuant to the terms of the Stipulation, it spent several weeks deciding whether it could use the contents of the 7 Shipments in its *post-petition* business operations.

(e) During this time, ESW continued to pay the storage fees for the 7 Shipments, which was necessary to preserve the Debtor's property.

(f) Additionally, until the Debtor ultimately agreed to a stipulated judgment, the Debtor **contested** the federal foreclosure case (in the Federal District Court for Central District of California) instead of disclaiming any interest in the 7 Shipments.

10. Finally, as a matter of law, the Debtor is deemed to be the owner of the 7 Shipments because, *inter alia*, (a) the Debtor is the "importer of record" and "actual owner of the merchandise" under the applicable rules and regulations of the U.S. Customs and Border Protection ("<u>CBP</u>"); (b) the Debtor is listed as the "importer of record" on the applicable CBP Form 3461, boxes 10 & 11, and (c) the Debtor filed CBP Form 7501 stating, "I declare that I am the Importer of record" and "actual owner," box 36. Declaration of Importer of Record (Owner or Purchaser).

11. As a result of the foregoing and as demonstrated below, the Plan's treatment of ESW's claim violates the Bankruptcy Code's requirements that the Plan treat each class of claims fairly and equitably.

II. **<u>LEGAL STANDARD</u>.**

In order for the Plan to be confirmed over the objection of ESW,[1] the Court must determine, in accordance with Bankruptcy Code § 1129(b)(1), that the Plan "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired . . ." 11 U.S.C. § 1129(b)(1). In regard to the administrative and

---

[1] Concurrently with the filing of this Objection, ESW has submitted a ballot rejecting the Plan and its current treatment under the Plan.

secured claims asserted by ESW, any plan proposed by Debtor must satisfy the following conditions:

    (i)    that the ***holders of such [secured] claims retain the liens securing such claims***, whether the property subject to such liens is retained by the debtor or transferred to another entity, ***to the extent of the allowed amount of such claims***; and

    (ii)   that each holder of a claim of such class ***receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim***, of a value, as of the effective date of the plan, ***of at least the value of such holder's interest in the estate's interest in such property***.

See 11 U.S.C. § 1129(b)(2)(A)(i)(I) and (II); emphasis added.

### III. ANALYSIS.

Based on the foregoing, it is clear that the Plan unfairly discriminates and its otherwise unfair and inequitable with respect to ESW's secured and administrative claims asserted in this Bankruptcy Case. As demonstrated above, the Debtor's treatment of ESW's secured and administrative claims — by suggesting that each claim will be treated and paid in accordance with other general unsecured creditors (in Class 8) ***prior to*** the adjudication of such claims in the Adversary Action — is unfair and inequitable.

Moreover, the Debtor's actions outlined above (which will be more fully developed in the Adversary Action) demonstrate that ESW was not free to treat the 7 Shipments as non-estate property. Instead, the Debtor expressly asserted that it was considering using the 7 Shipments as part of its operations and further required ESW to negotiate the Stipulation for stay relief and proceed with a contested foreclosure sale under applicable non-bankruptcy law.

Meanwhile, ESW was not free to dispose of the 7 Shipments; rather, ESW was forced to preserve and protect the 7 Shipments to provide the Debtor an opportunity to consider whether it wanted to integrate the contents into its ***post-petition*** business operations. This opportunity was a benefit to the Debtor's bankruptcy estate, and ESW's

payment of post-petition storage fees helped to preserve estate property and is an allowable administrative claim.

## IV. CONCLUSION AND RELIEF REQUESTED.

As a result of the foregoing facts and legal analysis, ESW requests that the Court deny confirmation of Debtor's Plan at the confirmation hearing noted in the caption above or as may be continued from time to time unless and until the Debtor amends and modifies the Plan's treatment of the claims asserted by ESW to comply with all applicable provisions of the Bankruptcy Code.

Dated as of this 16th day of November, 2022.

**CLARK HILL PLC**
3200 N. Central Ave., Suite 1600
Phoenix, Arizona 85012

By: */s/ James L. Ugalde*
James L. Ugalde

E-FILED and SERVED, pursuant to L.R. Bankr. P. 9076-1, via the Court's CM/ECF system to all CM/ECF registrants on this 16th day of November, 2022.

*/s/ Carmen Boggs*